IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>**BETTEROADS ASPHALT, LLC;**<br>**BETTERECYCLING**<br>**CORPORATION**,<br><br>  Appellant,<br><br>      v.<br><br>**FIRSTBANK PUERTO RICO;**<br>**BANCO SANTANDER DE PUERTO**<br>**RICO; THE ECONOMIC**<br>**DEVELOPMENT BANK FOR**<br>**PUERTO RICO, AND BANCO**<br>**POPULAR DE PUERTO RICO**,<br><br>  Appellees. | **CASE NO.**: 19-2019 (DRD)<br><br>CONSOLIDATED WITH:<br><br>**CASE NO.**: 19-2021 (ADR) |

## **OPINION AND ORDER**

Pending before the Court are two *Motions to Affirm Judgment or Dismiss Appeal Pursuant [to] Fed. R. Bankr. P. 8018* filed by Appellees, Firstbank Puerto Rico, Banco Santander de Puerto Rico, the Economic Development Bank for Puerto Rico, and Banco Popular de Puerto Rico (jointly "Appellees"), on April 30, 2020. *See* Case No. 19-2019 at Docket No. 45 and Case No. 19-2021 at Docket No. 34.[1] Essentially, Appellees contend that Betteroads Asphalt, LLC ("Betteroads") and Betterecycling Corporation ("Betterecycling";

---

[1] On May 19, 2020, Case No. 19-2019 and 19-2021 were consolidated. *See* Case No. 19-2019 at Docket No. 60. The Court notes that the *Motions to Dismiss* were filed by Appellees -individually- in each of said case before the consolidation; however, both *Motions* are virtually identical. Further, Appellants responses in both cases are, also, virtually identical. *See* Case No. 19-2019 at Docket No. 52 and Case No. 19-2021 at Docket No. 38. Consequently, throughout this *Opinion and Order*, the Court will discuss and resolve both *Motions* as if they were one.

jointly with Betteroads, "Involuntary Debtors"), in violation of Rule 8018 (b) of the Federal Rules of Bankruptcy Procedure, did not attach the necessary excerpts to their *Appellants Briefs*. Consequently, Appellees assert that Involuntary Debtors' failure to comply with said Rule constitutes sufficient cause for dismissal of their appeals.

Involuntary Debtors opposed the *Motions to Dismiss*. *See* Case No. 19-2019 at Docket No. 52 and Case No. 19-2021 at Docket No. 38. To support their oppositions, Individual Debtors alleged that: (1) the District Court had been provided with the complete record for the bankruptcy cases; (2) they provided the District Court with hyperlink references -in their *Appellant Briefs*- to the relevant docket entries in the bankruptcy cases; and (3) they would file the corresponding appendix. *Id*. Consequently, the Involuntary Debtor's argued that dismissal was not warranted.

For the reasons set below, Appellees' *Motions to Dismiss* are hereby **DENIED**.

### I. Relevant Procedural Background

#### A. *Betteroads' Appeal.*

1. October 29, 2019, Betteroads filed a *Notice of Appeal* before the District Court. *See* Case No. 19-2019 at Docket No. 1.

2. On November 7, 2019 Betteroads filed its *Designation of Record on Appeal and Statement of Issues* before the Bankruptcy Court. *See* Case No. 19-2019 at Docket No. 3-1.

3. On November 27, 2019, the Clerk of the Bankruptcy Court provided a *Certification for Transmittal of Complete Record on Appeal*. *See* Case No. 19-2019 at Docket No. 3.

4. On March 13, 2020, Betteroads filed *Appellant's Supplemental Designation of Record on Appeal*, which included a designation regarding additional evidence and transcripts related to evidentiary hearings held before the Bankruptcy Court. *See* Case No. 19-2019 at Docket No. 25.

5. On March 23, 2020, Betteroads filed a *Brief on Appeal*. *See* Case No. 19-2019 at Docket No. 32. The *Brief* contains in-text hyperlink references to the relevant docket entries at Case No. 17-04156.

6. On April 16, 2020, the Clerk of the Bankruptcy Court provided a *Supplemented Clerk's Certification for Transmittal of Complete Record on Appeal*. *See* Case No. 19-2019 at Docket No. 38.

7. Finally, on May 13, 2020, Betteroads filed the appendix for its *Brief*. *See* Case No. 19-2019 at Docket No. 53.

B. *Betterecycling's Appeal.*

1. October 29, 2019, Betterecycling filed a *Notice of Appeal* before the District Court. *See* Case No. 19-2021 at Docket No. 1.

2. On November 7, 2019, Betterecycling filed its *Designation of Record on Appeal and Statement of Issues* before the Bankruptcy Court. *See* Case No. 19-2021 at Docket No. 3-1.

3. On November 27, 2019, the Clerk of the Bankruptcy Court provided a *Certification for Transmittal of Complete Record on Appeal*. *See* Case No. 19-2021 at Docket No. 3.

4. On April 10, 2020, Betterecycling filed its *Brief on Appeal*. *See* Case No. 19-2021 at Docket No. 26. Betterecycling's *Brief* contained in-text hyperlink references to the relevant docket entries at Case No. 17-04157.

5. On May 7, 2020, Betterecycling filed *Appellant's Supplemental Designation of Record on Appeal*, which included a designation regarding additional evidence and transcripts related to evidentiary hearings held before the Bankruptcy Court. *See* Case No. 19-2021 at Docket No. 39.

6. On May 7, 2020, the Clerk for the Bankruptcy Court provided a *Supplemented Clerk's Certification for Transmittal of Complete Record on Appeal*. *See* Case No. 19-2021 at Docket No. 41.

7. On May 12, 2020, Betterecylcing filed the appendix for its *Brief*. *See* Case No. 19-2021 at Docket No. 44.

I. **Analysis and Conclusion**

Rule 8018 (b) of the Federal Rules of Bankruptcy Procedure states that an appellant "must serve and file **with** its principal brief excerpts of the record as an appendix".

Fed.R.Bankr.Pro. 8018 (b) (emphasis ours). Furthermore, said Rule states that the brief's appendix must contain: (a) the relevant entries in the bankruptcy docket; (b) the complaint and answer, or other equivalent filings; (c) the judgment, order, or decree from which the appeal is taken; (d) any other orders, pleadings, jury instructions, findings, conclusions, or opinions relevant to the appeal; (e) the notice of appeal; and (f) any relevant transcript or portion of it. *Id*.[2] "These items are mandatory, not optional." In re McCarthy, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).

The purpose of requiring an appendix in every appeal is relatively obvious; appellants need to provide the Court with "those parts of the record material to the questions presented and which it is essential for the judges of the court to read in order to decide these questions." Columbus Wood Preserving Co. v. United States, 209 F.2d 153, 154 (6th Cir. 1953). "Failure to supply necessary documents goes to the heart of [the] court's decision-making process." Hill v. Porter Mem'l Hosp., 90 F.3d 220, 226 (7th Cir. 1996). Consequently, "appellants bear the responsibility to file an adequate record, and the burden of showing that the bankruptcy court's findings of fact are clearly erroneous." In re Kritt, 190 B.R. 382, 387 (B.A.P. 9th Cir. 1995).

---

[2] On the other hand, Rule 8009 governs the record on appeal. In its relevant part, Rule 8009 requires the record on appeal to include the following:

> • docket entries kept by the bankruptcy clerk;
> • items designated by the parties;
> • the notice of appeal;
> • the judgment, order, or decree being appealed;
> • any order granting leave to appeal;
> • any certification required for a direct appeal to the court of appeals;
> • any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings;
> • any transcript ordered under subdivision (b);
> • any statement required by subdivision (c); and
> • any additional items from the record that the court where the appeal is pending orders.

Fed. R. Bankr.P. 8009(b).

Hence, appellants failure "to provide a sufficient record to support an informed review of the trial court's determinations may result in either dismissal of the appeal or summary affirmance of the trial court's judgment based upon the appellant's inability to demonstrate error." In re Hamel, No. ADV.07-00517, 2009 WL 7751431, at *10 (B.A.P. 9th Cir. Apr. 16, 2009); In re O'Brien, 312 F.3d 1135, 1136–37 (9th Cir.2002); *Everett v. Perez (In re Perez),* 30 F.3d 1209, 1217–18 (9th Cir.1994); *Hall,* 935 F.2d at 165; *Ashley,* 903 F.2d at 605–06. However, dismissal has been reserved for cases where appellants fatal omissions have precluded the court from reviewing the appeal. *See*, *e.g.*, In re Cambio, 353 B.R. 30, 36 (B.A.P. 1st Cir. 2004) ("Other cases where the Courts have examined more flagrant failures to the rules, dismissal has not been awarded"); In re Shamam, No. ADV 11-01619-VK, 2015 WL 1544581, at *5 (B.A.P. 9th Cir. Apr. 7, 2015),

In the instant cases, at the time of the filing of the *Motions to Dismiss*, Involuntary Debtors had not filed the corresponding appendices to their *Briefs*. Certainly, this implies that Involuntary Debtors failed to comply with Rule 8018, which requires that the appendices be filed **with** their *Briefs*. However, as previously stated, after presenting their corresponding oppositions to the *Motions to Dismiss*, Appellants submitted to the Court the appendices for their *Briefs* in both cases. Consequently, at this juncture, the issue is whether the late filing of the appendices would warrant dismissal.

Under different circumstances, Appellant's noncompliance with the Rules may have warranted severe sanctions; the Rules must be strictly and timely followed. However, the Court finds that the severe sanction of dismissal should not be imposed in the instant cases for various reasons. First, the late filing of the appendices has not had any adverse effect on the appeals process. Second, the records for both cases demonstrates that Appellants have taken active

steps to provide the District Court with a complete record on appeal; be that by requesting the necessary records and transcripts from the Bankruptcy Court or by including in their *Briefs* in-text hyperlink references to the Bankruptcy Court's dockets.

For the reasons set above, Appellees *Motions to Dismiss* filed in Case No. 19-2019 at Docket No. 45 and Case No. 19-2021 at Docket No. 34, are hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on May 20, 2020.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge